IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Unitrin Auto & Home Insurance Company, )
)
Plaintiff, ) C.A. No. 8:16-2803-HMH
)
vs. ) **OPINION & ORDER**
)
Bobby Arflin, Sheila G. Arflin and )
Roscoe Powell, Personal Representative )
of the Estate of Jody Adams Powell, )
)
Defendants. )

This matter is before the court on Roscoe Powell's ("Powell"), Personal Representative of the Estate of Jody Adams Powell, motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the alternative, motion to remand. After review, the court grants Powell's motion to dismiss.

**I. FACTUAL BACKGROUND**

This case arises out of an incident that occurred on December 11, 2013. On that date, Bobby Arflin ("Arflin") allegedly struck Jody Adams Powell's vehicle twice with his Dodge Ram vehicle. Subsequently, an argument ensued and Arflin shot Jody Adams Powell, which resulted in Jody Adams Powell's death. (Powell Mem. Supp. Mot. Dismiss Ex. 1 (State Court Compl. ¶¶ IV, V), ECF No. 7-1.) The Dodge Ram truck involved in the incident was insured under an automobile policy issued by Unitrin Auto & Home Insurance Company ("Unitrin"). (Id. Ex. 1 (State Court Compl. ¶ III), ECF No. 7-1.) On July 2, 2015, Powell filed a declaratory judgment action against Unitrin in the Anderson County Court of Common Pleas, C/A No.

2015-CP-04-1606 ("state court action") seeking a determination of coverage under the policy. (Id. at 1, ECF No. 7.) Unitrin moved to dismiss the state court action, which was denied on December 14, 2015, and a motion for reconsideration is currently pending. (Id. at 2, ECF No. 7.) The instant action was filed on August 11, 2016, by Unitrin against Powell, Arflin, and Sheila Arflin. On October 4, 2016, Powell moved to dismiss, or, in the alternative, remand this case on the grounds that the state court case and the instant action "are the exact same case in controversy with the same issues and the same factual allegations." (Id., ECF No. 7.) Unitrin filed a memorandum in opposition on October 20, 2016, alleging that the state court action is improper and the instant action is proper. Powell filed a reply on November 1, 2016. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

Powell moves to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. However, the court construes Powell's motion as a motion to dismiss the complaint on the basis that the court should abstain from hearing this action because of the existence of the state court action involving the identical facts and seeking the same coverage determination under the Unitrin policy.[1]

The Federal Declaratory Judgment Act provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism."

[1]Powell moves in the alternative to remand this action. The instant action was commenced with the filing of a complaint in this court. The court cannot remand an action that was not removed from state court.

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998). However, a declaratory judgment action "should not be used '. . . to interfere with an action which has already been instituted.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256-57 (4th Cir. 1996) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). "[A] federal court should [o]rdinarily decline, for reasons of efficiency and comity, to grant declaratory relief where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994) (internal quotation marks omitted), overruled on other grounds by, Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

In Nautilus, the Fourth Circuit set forth four factors for the court to consider in determining whether to consider claims for declaratory relief:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law . . . [and (iv)] whether the declaratory judgment action is being used merely as a device for procedural fencing-that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Nautilus, 15 F.3d at 377 (citations and internal quotation marks omitted). "A district court has 'wide discretion' in applying these factors, but '[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" Allstate Prop. & Cas. Ins. Co. v. Cogar, 945 F. Supp. 2d 681, 687 (N.D. W. Va. 2013) (quoting Centennial Life, 88 F.3d at 257).

The Nautilus factors all weigh in favor of dismissal of this action. The state court action was commenced on July 2, 2015, has been pending more than one year and raises the same claims that are articulated in the instant action. (Powell Mem. Supp. Mot. Dismiss at 1, ECF No. 7.) In addition, the issues raised in this case can be fully resolved in the state court action, and the state has an interest in having this action decided in state court as there is no federal question presented in this case. Further, the instant action would result in entanglement between the federal and state court systems and "retention of federal jurisdiction could frustrate portions of the state court proceedings." Allstate, 945 F. Supp. 2d at 691.

Unitrin alleges that the state court action is improper on the basis that there is no privity of contract between the plaintiff in the state court action and Unitrin. (Unitrin Mem. Opp'n Mot. Dismiss 5, ECF No. 8.) However, the state court denied Unitrin's motion to dismiss on this ground. Although a motion for reconsideration is pending, the state court has yet to rule on the motion, and, even if Unitrin is successful on this motion, an appeal could follow. It is not appropriate for the court to offer an opinion on whether the state court's decision was correct. This is the kind of entanglement with the state court that the court should avoid. Moreover, Unitrin never attempted to remove the underlying state court action and it is attempting to obtain a federal hearing in a case that is not removable. Based on the foregoing, the Nautilus factors weigh heavily in favor of dismissal.

It is therefore

**ORDERED** that Powell's motion to dismiss, docket number 7, is granted and this action is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 3, 2016